Dalbir SINGH, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–70227.

United States Court of Appeals, Ninth Circuit.

Submitted July 15, 2005.**

Decided July 20, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Law Offices of Kuldip S. Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, OIL, Linda S. Wernery, Esq., Rene L. Rocque, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM ***

Dalbir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under former 8 U.S.C. § 1105a(a). We grant the petition for review and remand

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to the BIA to permit it to conduct further proceedings relating to changed country conditions.

■ We first consider whether the IJ's adverse credibility finding was supported by substantial evidence, *see Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000), and hold that it was not. The IJ disbelieved that Singh was detained and beaten by Indian police in March 1994 because his asylum application indicated that he was detained for three weeks, whereas he testified at his asylum hearing that he was detained only for a day and a half. The IJ, however, failed to consider Singh's explanation for the inconsistency: that the person who drafted the application made a mistake in the translation. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir.2004) ("An adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency."); *cf. He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir.2003) (inconsistencies based on faulty translations in an asylum hearing can undermine the evidence on which an adverse credibility determination is based). Furthermore, the asylum officer's notes indicate that Singh previously attempted to correct this discrepancy. Finally, the discrepancy was not an attempt to enhance Singh's claim of persecution, and therefore should have no bearing on his credibility. *See Shah*, 220 F.3d at 1068 ("If discrepancies cannot be viewed as attempts by the applicant to enhance his claims of persecution, [they] have no bearing on credibility" (quotations omitted) (alteration in original)).

■ The IJ also improperly relied on inconsistencies regarding the number and length of trips Singh took to New Delhi to meet with an alien smuggler. These minor discrepancies do not go to the heart of Singh's claim that he was persecuted by Indian police, and therefore do not support the IJ's adverse credibility finding. *See*

*Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003) ("Minor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding.").

■ In addition, the IJ concluded that Singh was not credible based on perceived inconsistencies between Singh's asylum application and his hearing testimony regarding whether a September 1994 rally was held in Ropar or in Singh's village, and whether the rally was religious or political. Singh explained, however, that the rally was both religious and political, and that the rally was held in his village, which is located in Ropar. Thus, there were no inconsistencies on this point. *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000).

■ Based on his reading of the State Department Report, the IJ opined that Singh did not know the correct date of the military attack on the Golden Temple at Amritsar, India. Notwithstanding the fact that Singh correctly stated that the attack began on June 4, 1984, even if he had been a couple of days off as the IJ believed, this minor discrepancy did not go to the heart of Singh's claim. *See id.* at 1166 (minor date discrepancies that reveal nothing about an applicant's fear for his safety cannot form the basis of an adverse credibility finding).

The IJ's conclusion that Singh did not have sufficient knowledge of Sikhism and the All India Sikh Student Federation ("AISSF") is improperly based on speculation. *See Kaur*, 379 F.3d at 887–88. The record shows that Singh testified at length regarding the history of his religion and the AISSF's goal of an independent Khalistan.

Finally, the IJ's demeanor finding was also improper because it was based on the manner of Singh's attire. *See Paramasamy v. Ashcroft*, 295 F.3d 1047, 1052 (9th Cir.2002) (demeanor reflects "a way of acting," "behavior," "bearing," and "outward manner"). Furthermore, Singh testified that he no longer wore his hair long or wore a turban because the smuggler who helped him enter the United States told him to cut his hair, and he was told that he would not be hired at his current job if he did not keep his hair short.

Accordingly, we conclude that the IJ's adverse credibility determination is not supported by substantial evidence. Ordinarily, when we reverse an adverse credibility determination, we must remand to the BIA. *See He*, 328 F.3d at 603–04. However, because the IJ proceeded to the merits of the asylum claim and, accepting Singh's testimony as true, found that he had not meet his burden of establishing past persecution or a well-founded fear of future persecution, remand is unnecessary and we may proceed to consider Singh's claims. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203–04 (9th Cir.2004).

■ The IJ's decision that Singh did not establish past persecution on account of religion or political opinion is not supported by substantial evidence. The record contains specific, consistent evidence that Indian police detained Singh; tied his hands; beat him with a leather belt; held him by his hair; hung him from a ceiling and struck him with wooden sticks; and repeatedly stepped on a large wooden ruler placed across his thighs, causing him to urinate and lose consciousness. The police threatened to kill Singh if he did not provide the names of other AISSF members, and if he continued to engage in political activities upon his release. Upon learning that he continued to be active in student federation activities, the police went looking for Singh at his home, telling his family they would kill him if they found him. Because Singh was targeted on the basis of his political beliefs, we hold that a reasonable factfinder could only have concluded that the arrest, detention, and beatings he endured constituted persecution. *See Ruano v. Ashcroft*, 301 F.3d 1155, 1157, 1159 (9th Cir.2002).

Because Singh suffered past persecution, he is entitled to a presumption of a well-founded fear of future persecution. The IJ did not apply the presumption and therefore did not consider whether the INS met its burden of rebuttal. In such cases, we often remand for the agency to resolve, in the first instance, the question of a fundamental change in circumstances. *See INS v. Ventura*, 537 U.S. 12, 14, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002); *Lopez v. Ashcroft*, 366 F.3d 799, 806–07 (9th Cir.2004).

Here, the INS presented evidence of changed country conditions before the IJ and the BIA in the form of Department of State Country Reports. We therefore grant the petition for review and remand on the asylum claim to permit the BIA to conduct further proceedings relating to changed country conditions. *Lopez*, 366 F.3d at 807. We decline to address Singh's alternative claims for withholding of deportation and CAT relief, which were not addressed by the BIA, and which should be addressed by it in the first instance. *Id.*

**PETITION GRANTED; REMANDED.**